IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES S. BENTLEY, | : | CIVIL NO. 3:09-CV-1647 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| FRANKLIN TENNIS AND THE | : | |
| PA BOARD OF PROBATION AND | : | |
| PAROLE, et al., | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the Court is the *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Charles S. Bentley (alternatively "Bentley" or "petitioner"). Therein, Bentley contends that the denial of parole by the Pennsylvania Board of Probation and Parole (the "Board"), violated his constitutional right to due process and the constitutional prohibition on ex post facto laws. (Doc. 1, at 5-6, 23-29.) For the reasons set forth below, the petition will be dismissed for failure to exhaust state court remedies.

I. **Factual and Procedural History**

On February 14, 1996, Bentley was sentenced to a total of twelve to thirty years incarceration following pleas of guilty to two counts of Involuntary Deviate Sexual Intercourse in Court of Common Pleas of Chester County Case Nos. 2096 of 1991 and 2097 of 1991. (Doc. 11-2, at 3.) He has been reviewed for, and denied, parole on six occasions since his incarceration. (Doc. 11-2, at 7-23.) The denial challenged herein is the February 14, 2008 Notice of Board Decision which states as follows:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: Your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore you are refused parole/reparole at this time. The reasons for the Board's decision include the following:
>
> The negative recommendation made by the Department of Corrections.
>
> Your need to participate in and complete additional institutional programs.
>
> Reports, evaluation and assessments/level of risk indicates your risk to the community.
>
> You will be reviewed in or after August, 2009, or earlier, if recommended by the Department of Corrections/County Prison Staff.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have successfully completed a treatment program for: sex offenders
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record and completed the Department of Corrections' prescriptive program(s).
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

(Doc. 11-2, at 19-20.) On December 2, 2008, Bentley filed a petition for review in the Commonwealth Court of Pennsylvania and, on February 10, 2009, the petition for review was dismissed based on the following:

> The stated reasons for denial of parole, *i.e.*, the negative recommendation made by the Department of Corrections and petitioner's need to complete additional institutional programs, are not outside respondent's broad discretion in making

> parole decisions. Weaver v. Pennsylvania Board of Probation and Parole, 688 A.2d 766 (Pa. Cmwlth. 1977). Petitioner does not state a violation of the ex post facto clause or demonstrated [sic] that respondent's actions have actually or potentially increased his punishment. Cimaszewski v. Pennsylvania Board of Probation and Parole, 868 A.2d 416 (Pa. 2005); Loomis v. Pennsylvania Board of Probation and Parole, 878 A.2d 963 (Pa. Cmwlth. 2005).
>
> The denial of parole may be based on information available to the sentencing court and on the lack of a recommendation for parole from the Department of Corrections. Hibbard v. Pennsylvania Board of Probation and Parole, 816 A.2d 344 (Pa. Cmwlth. 2003); Rummings v. Pennsylvania Board of Probation and Parole, 814 A.2d 795 (Pa. Cmwlth. 2002). 42 Pa. C.S. §9718.1 does not facially violate the ex post facto clause, and petitioner does not allege that it was applied to render him ineligible for parole. Evans v. Pennsylvania Board of Probation and Parole, 820 A.2d 904 (Pa. Cmwlth. 2003).

(Doc. 11-2, at 29-30.) He filed a petition for allowance of appeal in the Supreme Court of Pennsylvania on or about March 24, 2009. He was notified on April 3, 2009, that his appeal was untimely because it was filed after the deadline of March 13, 2009. (Doc. 11-2, at 32.) He was afforded the opportunity to provide to the court a cash slip dated on or before March 13, 2009. He was cautioned that "[i]f you are unable to provide a cash slip, showing timely filing, the Notice of Appeal and/or Jurisdictional Statement will be returned and the docket closed." (Id.) He failed to produce evidence that his case was filed by the deadline.

He filed the instant petition for writ of habeas corpus on August 26, 2009, raising two arguments; that the Board violated the ex post fact clause in retroactively applying 42 Pa.Cons.Stat. § 9718.1 to him, and violated his due process rights failing to review his parole eligibility under criteria that was in effect at the time of his sentencing and conviction. (Doc. 1, at 5-6.)

3

## II. Discussion

Respondents seek dismissal of the petition based on Bentley's failure to exhaust his state court remedies. Absent unusual circumstances, federal courts will not consider the merits of a claim for habeas corpus unless the petitioner has complied with the exhaustion requirement set out at 28 U.S.C. § 2254(b)(1)(A). This provision requires that the petitioner give the state courts a fair opportunity to review his allegations of constitutional error before seeking relief in the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). Pursuant to the habeas statute, a petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In the matter *sub judice*, Bentley failed to seek timely review by the Supreme Court of Pennsylvania of the Commonwealth Court order of February 10, 2009, affirming the Board's February 14, 2008, denial of parole. See PA. R.A.P. 1113(a) (30-day time limit after entry of Commonwealth Court order sought to be reviewed). He concedes that he failed to timely file his allowance of appeal but, in citing Administrative Order of the Pennsylvania Supreme Court, No. 218, contends that such an appeal was not required for purposes of exhaustion. (Doc. 1, at 8.) He is mistaken. While Administrative Order of the Pennsylvania Supreme Court, No. 218, has decreed that review by that court of criminal appeals and collateral reviews of convictions will be deemed "unavailable" for purposes of § 2254(c), rendering such claims "exhausted" upon review by the Superior Court, no similar edict has issued as to

4

petitions for review of parole board determinations. Accordingly, several authorities have recognized that a prisoner seeking relief as to a Board determination must seek review from the Commonwealth Court and also seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. See, e.g., Williams v. Wynder, 232 Fed. App'x. 177, 180 (3d Cir. 2007); Pagan v. Pennsylvania Bd. of Prob. & Parole, Civ. A. No. 08-150, 2009 WL 210488, *3 (E.D.Pa. Jan.22, 2009). Moreover, Order 218 applies only to discretionary appeals to the Pennsylvania Supreme Court, and not to appeals of right. In this matter, Bentley had a right of direct review by the Commonwealth's highest court. See PA. R. APP. P. 1101 (relating to appeals of right from cases of original jurisdiction in Commonwealth Court).

Bentley's failure to file a timely petition for allowance of appeal has resulted in procedural default of his claims. Therefore, the Court cannot grant habeas relief unless he establishes a basis to excuse the procedural default and reach the merits of the claim, either by establishing cause for the default and demonstrating that he was actually prejudiced as a result of the alleged violation of federal law, or by establishing that a fundamental miscarriage of justice would result from our failure to consider the claim. See Murray v. Carrier, 477 U.S. 478 (1986). To demonstrate "cause" for a procedural default, the petitioner must show that " 'some objective factor external to the defense . . . impeded [his or her] efforts to comply with the [state] procedural rule.'" Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007) (quoting Slutzker, 393 F.3d at 381); Murray, 477 U.S. at 488. The petitioner

5

may demonstrate prejudice by establishing the existence of errors that "worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." Murray, 477 U.S. at 494. Finally, a federal court may excuse procedural default when its failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Respondents raised the issue of procedural default in their answer and brief. (Doc. 11, at 7-8; Doc. 12, at 8-9.) Bentley argues that he was prevented from filing a timely appeal because "inmates are not allowed to receive Duplicate Commissary orders in the same week" and "the Institution which charged this petitioner twice for a Duplicate Commissary order which left this petitioner with insufficient funds to get copies or to mail out his legal documents." (Doc. 13, at 2.) Bentley advances this argument without a proffer of any supporting evidence. He has therefore failed to satisfy the cause standard. He fares no better on the miscarriage of justice exception as he is challenging the denial of parole and does not assert that he is actually innocent of the underlying crime. Consequently, he is precluded from pursuing habeas relief on the issues raised in the petition.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed for failure to exhaust state court remedies.

An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: December 9, 2010

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES S. BENTLEY, | : | CIVIL NO. 3:09-CV-1647 |
|     Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| FRANKLIN TENNIS AND THE | : | |
| PA BOARD OF PROBATION AND | : | |
| PAROLE, et al., | : | |
|     Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 9th day of December 2010, upon consideration of the petition for writ of habeas corpus, and in accordance with the foregoing memorandum, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus is DISMISSED.

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)

BY THE COURT:

/s/ Judge James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court